UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
HENRY PANKAJ ANJUS,                          :
                          Plaintiff,         :
                                             :
v.                                           :        **MEMORANDUM**
                                             :        **OPINION AND ORDER**
LOOK & PICK, INC. d/b/a GUZZELS,             :
MOOLCHAND BHATIA, and AMARJIT                :        14 CV 7585 (VB)
SINGH,                                       :
                          Defendants.        :
------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Henry Pankaj Anjus brings this action against defendants Look & Pick, Inc.

("Look & Pick"), Moolchand Bhatia, and Amarjit Singh, alleging violations of the Fair Labor

Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq., and the New York Labor Law ("NYLL").

Plaintiff seeks unpaid minimum and overtime wages.

      On February 1, 2016, Bhatia moved for summary judgment on the grounds that he was

not plaintiff's employer.  (Doc. #33).

      For the following reasons, the motion is DENIED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367(a).

**BACKGROUND**

      The parties have submitted briefs, statements of facts pursuant to Local Civil Rule 56.1,

and declarations and affidavits with supporting exhibits, which reflect the following factual

background.

I.      The Parties

Plaintiff was an employee of Look & Pick, which does business as a deli and convenience store called Guzzels in Spring Valley, New York.  Plaintiff worked at Guzzels from November 11, 2013, to February 24, 2014.

Singh is Look & Pick's owner of record.  Plaintiff claims Singh's only actual responsibility at Guzzels was to make sandwiches at the deli.

Bhatia is a financial service representative for MetLife.  The central dispute in this motion is whether Bhatia was also plaintiff's employer at Guzzels under the "economic reality" test.  Plaintiff claims that, although Bhatia was not the legal owner of record, he was responsible for the operation, control, and management of Guzzels, and has a "cash-based ownership stake and financial interest" in the store.  (Pl.'s Br. at 2, 4).  Bhatia, on the other hand, claims his role at Guzzels was limited to doing favors for Singh as his longtime friend.

II.     Bhatia's Role at Guzzels

Plaintiff claims he was introduced to Bhatia by a friend on November 10, 2013, whereupon Bhatia hired plaintiff "to work in his deli."  (Declaration of Henry Anjus ¶ 7 ("Anjus Decl.")).  Bhatia promised to pay plaintiff $2,200 per month in cash if plaintiff would work thirteen hours per day, seven days per week.  Plaintiff agreed, and started work the next day.

According to plaintiff, on each of plaintiff's first few days of employment, Bhatia drove him 43 miles from Queens to Spring Valley for work.  En route, Bhatia explained plaintiff's responsibilities at Guzzels, taught plaintiff how to operate the lottery and ATM machines, and gave plaintiff passwords for the computer consoles in the store.  Bhatia directed plaintiff to eat, sleep, and live at Guzzels, which plaintiff did.  Bhatia also "personally authorized [plaintiff's] payment of $1,100 in [c]ash every fifteen [] days."  (Anjus Decl. ¶ 9).

During plaintiff's employment, he claims he would speak to Bhatia on the phone several times per day, and that Bhatia repeatedly told plaintiff "he was watching [plaintiff] on the cameras that were installed over the cash registers."  (Anjus Decl. ¶ 10 (internal quotation marks omitted)).

According to plaintiff, Bhatia repeatedly instructed plaintiff to pay Singh cash and keep a record of doing so in the "Copy Book," a record, which Bhatia maintained, of "the daily inflows and outflows of [c]ash," including cash payments made to employees.  (Anjus Decl. ¶¶ 14-15).  Plaintiff claims Bhatia required him to give Bhatia a daily summary of the inflow and outflow of cash documented in the Copy Book.  Plaintiff claims Singh "had no day[-]to[-]day responsibility for the Copy Book, and did not make the entries" in it.  (Id. ¶ 17).

Plaintiff claims Bhatia would pay him "partially in [c]ash and partially by having his son, Amit Kumar Bhatia, wire money to [plaintiff's] family in Bangladesh."  (Anjus Decl. ¶ 19).

Finally, plaintiff claims Bhatia personally fired him on February 24, 2014.

In opposition to the present motion, plaintiff also submits the Declaration of Edward Lauture ("Lauture Decl."), a non-party who claims to be a frequent customer at Guzzels and knows Bhatia, Singh, and plaintiff.  Lauture claims to have observed Bhatia working at Guzzels, operating the lottery, purchasing groceries for the store, collecting cash, paying cash to plaintiff and Singh, and otherwise acting "like he owned the store."  (Lauture Decl. ¶ 3).  Lauture also claims to have seen both plaintiff and Singh "work very long hours and [] live inside" Guzzels at Bhatia's behest.  (Id. ¶ 4).

Lauture recounts an incident shortly before plaintiff was hired, in which Lauture lent another Guzzels employee, "Babu," about $270.  When Lauture, in Bhatia's presence, asked

Babu to repay him, Bhatia told Lauture he would "take the money out of his 'salary' and paid [Lauture] the $270." (Lauture Decl. ¶ 5). Lauture claims Bhatia fired Babu shortly thereafter.

Bhatia sharply disputes almost everything plaintiff claims about Bhatia's role at Guzzels. Bhatia claims he helped Singh read and understand forms and documents related to the business because Singh does not read or understand English well, but that Bhatia has no financial interest or control over the store.

## DISCUSSION

I.      Standard of Review

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See id. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010) (citation omitted). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate. Celotex

4

Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (internal quotation marks and citations omitted).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him.  Dawson v. Cty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.    Employment Relationship

The sole question in this motion is whether there is a genuine issue of fact regarding whether Bhatia is plaintiff's employer under the FLSA and NYLL.

"To be held liable under the FLSA, a person must be an 'employer,' which § 3(d) of the statute defines broadly as 'any person acting directly or indirectly in the interest of an employer in relation to an employee.'"  Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999)

(quoting 29 U.S.C. § 203(d)).  To determine who is an "employer," the Second Circuit may look to "the 'economic reality' of a putative employment relationship, specifically, 'whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'"  Barfield v. N.Y.C. Health & Hosps. Corp., 537 F.3d 132, 142-43 (2d Cir. 2008) (internal quotation marks omitted).  No one factor is dispositive.  Herman v. RSR Sec. Servs. Ltd., 172 F.3d at 139.

The standard for whether a defendant is an "employer" under the NYLL is substantively the same as it is under the FLSA.  See, e.g., Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 24-25 (E.D.N.Y. 2015).  If Bhatia was plaintiff's employer for purposes of the FLSA, he was plaintiff's employer for purposes of the NYLL as well.  Therefore, the Court analyzes these claims together.

III.    Whether Bhatia was Plaintiff's Employer

Plaintiff's contentions create a genuine issue of material fact as to whether Bhatia was plaintiff's employer, because he has submitted admissible evidence showing Bhatia meets all four factors of the economic reality test.

First, according to plaintiff, Bhatia had the power to hire and fire the employees.  Indeed, plaintiff has submitted evidence showing Bhatia hired plaintiff, and fired both plaintiff and Babu.

Second, according to plaintiff, Bhatia supervised and controlled employee work schedules, by setting plaintiff's and Singh's hours.  Bhatia also controlled the conditions of employment: he trained plaintiff, supervised plaintiff in person and over the telephone, required plaintiff to make daily reports, and told plaintiff he was monitoring him on cameras installed over the cash register.  He also required plaintiff and Singh to live in the store.

6

Third, Bhatia determined the rate and method of payment for employees.  Bhatia set plaintiff's salary when he hired plaintiff, and authorized payment in cash and via wire transfer. Bhatia also instructed plaintiff to pay Singh.  Finally, Bhatia had the authority to deduct money from Babu's salary to pay Lauture.

Fourth, Bhatia maintained employment records.  Bhatia kept the Copy Book, which listed payments made to employees.  According to plaintiff, Singh had no role in the record-keeping process.

All of these factors weigh in favor of a finding an employment relationship between Bhatia and plaintiff.  A reasonable jury could therefore find Bhatia was plaintiff's employer under the FLSA and NYLL.

## CONCLUSION

Defendants' motion for summary judgment is DENIED.

By June 10, 2016, the parties shall submit a joint pretrial order in accordance with the Court's Individual Practices.

All counsel shall attend a case management conference on June 20, 2016, at 11:30 a.m., at which time the Court will set a trial date and a schedule for pretrial submissions.

The Clerk is instructed to terminate the motion.  (Doc. #33).

Dated: May 10, 2016
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge